UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.    1:21-cv-21878-XXXX

JACQUELYN ANGUEIRA,
EDUARDO ANGUEIRA,

       Plaintiffs,

v.

UNITED STATES OF AMERICA,

       Defendant.

_____/

## COMPLAINT

Plaintiffs, JACQUELYN ANGUEIRA and EDUARDO ANGUEIRA, by and through their undersigned counsel, and for their Complaint against the Defendant, UNITED STATES OF AMERICA, state as follows:

### INTRODUCTION

1.      This is an action against the Defendant, UNITED STATES OF AMERICA, under the Federal Tort Claims Act, (28 U.S.C. § 2671, et seq., and 28 U.S.C. § 1346(b)(1)), for medical negligence, in connection with medical care provided to the Plaintiff by the U.S. Department of Veterans Affairs and its employees, agents, apparent agents, servants or representatives at the Veteran's Administration (VA) Clinic located in Homestead, Florida.

2.      The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq. and 28 U.S.C. § 1346(b)(1)), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3.      Plaintiff complied with all conditions precedent under 28 U.S. Code § 2675 and this suit has been timely filed in that Plaintiff timely served notice of her claim on the U.S. Department

1

of Veterans Affairs by and through the Office of General Counsel/Torts Law Group/Washington, D.C., less than two years after the incident forming the basis of this suit.  A copy of the Plaintiff's Standard Form 95 is attached as Exhibit 1.

4.      Plaintiff is now filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving a the VA's denial of Plaintiff's claims, attached as "Exhibit 2".

<u>PARTIES, JURISDICTION AND VENUE</u>

5.      Plaintiffs are at all times relevant hereto residents of Miami-Dade County, Florida, and are legally married and live together as husband and wife.

6.      Defendant through its agency, the U.S. Department of Veterans Affairs, operates the Veterans Affairs Medical Center Clinic, located at 950 N. Krome Avenue, Homestead, FL 33030 in Miami-Dade County, Florida.

7.      Defendant, including its directors, officers, operators, administrators, employees, agents, apparent agents, and staff at the VA CLINIC, are hereinafter collectively referred to as the "VA CLINIC".

8.      At all times relevant to this Complaint, the VA CLINIC held themselves out to the Plaintiff and eligible beneficiaries as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

9.      At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, apparent agents, and staff were employed by and/or acting on behalf of the Defendant and were in the course and scope of their employment.  Thus, the Defendant is vicariously liable for the negligent acts and omissions of its employees, staff, and agents under the doctrine of *Respondeat Superior*.

10.      Jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b)(1).

11.     Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part, of the acts and omissions forming the basis of these claims occurred in the Southern District of Florida.

## FACTUAL ALLEGATIONS

12.     The Plaintiff earned the right to receive medical care through the VA CLINIC by virtue of her military service.

13.     On or about September 17, 2018, and while as a patient with a doctor-patient relationship with the VA CLINIC, Plaintiff underwent an eye pressure examination at the VA CLINIC as above identified.

14.     During the course of the procedure, while situated in the examination room chair, the Plaintiff felt dizzy and so explained her concern to the nurse/optometrist technician attending her that she felt like she was going to pass out. Rather than provide immediate attention to the Plaintiff by attending to her, the nurse/technician left and abandoned the patient to seek assistance elsewhere in the clinic, at which point Plaintiff did pass out and fell out of the exam chair, face down on the floor, suffering loss of consciousness, closed head and facial injury, TBI, and post-traumatic epilepsy, impacting her with permanent impairment, economic damage and ongoing pain and suffering. When a supervising doctor arrived in the exam room to find Plaintiff lying face down on the floor, he chastised and severely reprimanded the technician for abandoning the patient under the circumstances.

15.     The VA CLINIC staff did abandon the Plaintiff at such a critical moment, leaving her alone and in imminent danger of fainting without restraint and in violation of the standard of care applicable to the situation.

16.     As a result of the VA CLINIC'S negligence, Plaintiff has suffered, among other injuries and damages, severe and chronic headache, traumatic brain injury, and post traumatic epilepsy (PTE), requiring ongoing evaluation and care.

17.     Plaintiff continues to suffer injury and damage resulting from the acts and inactions of Defendant as described.

18.     Additionally, Plaintiff has endured significant mental and emotional distress and trauma as a result of her injuries.

<u>COUNT  I – NEGLIGENCE</u>

19.     Plaintiff realleges and reincorporates each, and every, allegation above as if fully set forth herein.

20.     The Defendant owed a duty of care to the Plaintiff to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the Plaintiff and to the community and military veterans at large.

21.     The Defendant further owed a duty of care to the Plaintiff to properly hire, employ, train, retain, and supervise adequately competent operators, administrators, employees, agents, apparent agents, and staff in order to meet its standards of quality of care of its patients, including Plaintiff.

22.     The Defendant knew, or should have known, that the medical staff of the facility was not properly hired, trained, employed or supervised in a manner necessary to provide a level of care for Plaintiff that met all applicable legal requirements, that demonstrated the standard and degree of care and skill required of competent health care providers; and which was consistent

4

with the expertise that the Defendant presented to the Plaintiff and to the veteran community at large.

23.     The Defendant breached its duties of care owed to Plaintiff in the following non-exclusive ways:

a. Abandoning the Plaintiff;

b. Failing to prevent the Plaintiff from falling from the examination chair when she was feeling faint and exhibiting syncope;

c. Failing to secure the Plaintiff;

d. Failing to supervise the Plaintiff;

e. Failing to adequately treat the Plaintiff when she was exhibiting and expressing clear signs of feeling faint;

f. Failing to stay with the Plaintiff while summoning assistance from others to assist and provide safety for the Plaintiff when the Plaintiff expressed she was feeling faint;

g. Failing to provide fall protection for the Plaintiff;

h. Failing to lay the Plaintiff flat or lower her head or arms;

i. Failing to physically support the Plaintiff until she recovered;

j. Failure to utilize a phone or call button;

k. Failure to recognize the Plaintiff's history of syncope;

l. Failure to properly hire, employ, train, retain, and supervise its staff in a clinical setting of treating patients who experienced dizziness, fainting and syncope;

m. Failure to properly hire, employ, train, retain, and supervise its staff to approximately and safely protect the well-being of a patient who expresses and exhibits signs of fainting and syncope;

n. Failing to ensure it hired and employed competent, experienced, trained, and otherwise qualified staff to handle patients like the Plaintiff who articulated and showed signs of impending fainting and syncope;

o. Failing to ensure that only a certified optometrist administered ocular pharmaceutical agents to the Plaintiff;

p. Failing to recognize and properly treat the Plaintiff for side effects of administered ocular pharmaceutical agents;

q. Failing to prevent an optometry technician or an ophthalmic technician from administering ocular pharmaceutical agents to the Plaintiff; and

r. Failing to treat the Plaintiff within the standard of care.

24.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered, and continues to suffer losses, damages, and injuries as follows: past and future economic and non-economic damages, including but not limited to bodily injury, past and future medical and related expenses and costs, the expense of hospitalization, medical, and nursing care and treatment, the cost and expense of rehabilitation, past and future physical pain and suffering, past and future mental pain and anguish, past and future disability and impairment, past and future scarring and disfigurement, past and future loss of enjoyment of life, inconvenience, she has lost wages and an earning capacity and will continue to lose wages and an earning capacity in the future, and aggravation of preexisting conditions.  These losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

25.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

26.     The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

6

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant, the UNITED STATES OF AMERICA, and further demands costs, interest, and any other relief deemed just and proper.

COUNT II –
VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR
AGENCY

27.     Plaintiff realleges and reincorporates each, and every, allegation above as if fully set forth herein.

28.     At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, apparent agents, and staff were employed by and/or acting on behalf of the Defendant.

29.     At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, apparent agents, and staff were acting within their respective capacities and scopes of their employment with the Defendant.

30.     Thus, the Defendant is vicariously liable for the negligent acts and omissions of its directors, officers, operators, administrators, employees, agents, apparent agents, and staff pursuant to the doctrine of *Respondeat Superior*.

31.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered, and continues to suffer losses, damages, and injuries as follows: past and future economic and non-economic damages, including but not limited to bodily injury, past and future medical and related expenses and costs, the expense of hospitalization, medical, and nursing care and treatment, the cost and expense of rehabilitation, past and future physical pain and suffering, past and future mental pain and anguish, past and future disability and impairment, past and future scarring and

disfigurement, past and future loss of enjoyment of life, inconvenience, she has lost wages and an earning capacity and will continue to lose wages and an earning capacity in the future, and aggravation of preexisting conditions.  These losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

32.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

33.     The Defendant is liable pursuant to 28 U.S.C. § 1346(b)(1).

WHEREFORE, the Plaintiff demands judgment in her favor against the Defendant, the UNITED STATES OF AMERICA, and further demands costs, interest, and any other relief deemed just and proper.

COUNT III –<br>LOSS OF CONSORTIUM CLAIM OF EDUARDO ANGUEIRA

34.     Plaintiff realleges and reincorporates each, and every, allegation above as if fully set forth herein.

35.     At the time of the subject incident described above herein, Plaintiff, EDUARDO ANGUEIRA, was the lawfully wedded husband of JACQUELYN ANGUEIRA, residing together as husband and wife in a common household.

36.     As a direct and proximate result of the negligence of the Defendant, as described above, and the injuries sustained by Plaintiff, JACQUELYN ANGUEIRA, as a proximate result thereof, Plaintiff, EDUARDO ANGUEIRA, has suffered the loss of his wife's consortium, companionship, services, comfort, society, and attention.  Because the injuries sustained by his wife are permanent and continuing in nature, he will continue to suffer these damages in the future.

WHEREFORE, the Plaintiffs demand judgment in their favor against the Defendant, the UNITED STATES OF AMERICA, and further demand costs, interest, trial on all issues so triable, and any other relief deemed just and proper.

Respectfully submitted on this 20th day of May, 2021.

Romano Law Group
Post Office Box 21349
West Palm Beach, FL   33416-1349
Phone: (561) 533-6700
Fax:    (561) 533-1285
***Attorneys for Plaintiff***
Service@RomanoLawGroup.com
John@RomanoLawGroup.com
Todd@RomanoLawGroup.com
Destiny@RomanoLawGroup.com
Becky@RomanoLawGroup.com

*/S/  Todd A. Romano*

By_____
JOHN F. ROMANO
Florida Bar No. 175700
TODD ROMANO
Florida Bar No. 178100
DESTINY R. BARBOSA
Florida Bar No. 1003196

and

Abramson & Magidson P.A. Legal Center
6619 South Dixie Highway, Suite 334
Miami, FL 33143
Phone: (305) 248-2886
Fax:    (305) 539-0477
***Attorneys for Plaintiff***
john@lawyerabramson.com
sabramsonlaw@gmail.com
jodi.abramsonlaw@gmail.com

*/S/ John M. Abramson*

By: _____
JOHN M. ABRAMSON,
Florida Bar No. 000330